**Gurgen BARSEGHYAN,\* Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75758.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.\*\*

Filed May 18, 2006.

Gurgen Barseghyan, Glendale, CA, pro se.

Boris Baladjanian, Valencia, CA, for Petitioner.

---

\* Petitioner is also known as Seryozha Karapetyan.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Keith Bernstein, Sarah E. Harrington, Esq., U.S. Department of Justice Civil Div., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Gurgen Barseghyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination. Barseghyan testified that military personnel beat him every day for 15 days, yet he did not sustain any external injuries. The IJ found this testimony implausible and the record does not compel a contrary conclusion. *See id.* at 1043 (one material inconsistency can be sufficient to support an adverse credibility determination). Barseghyan also testified that he was attacked during a home invasion because of his faith, yet he failed to mention that he was

attacked in his application. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (upholding adverse credibility finding where alien failed to mention pivotal event in asylum application). Finally, Barseghyan's conflicting answers about the basic beliefs of Jehovah's Witnesses raises questions as to his being a Jehovah's Witness and the basis for his alleged fear. *See Chebchoub*, 257 F.3d at 1043.

In the absence of credible testimony, Barseghyan failed to demonstrate eligibility for asylum, withholding of removal and CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

